IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                                23-CR-63-LJV

SIMON SANTOS-ARIAS,

                            Defendant.

---

## PLEA AGREEMENT

The defendant, SIMON SANTOS-ARIAS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1349 (Conspiracy to Commit Health Care Fraud), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

1.  An agreement existed between the defendant and at least one other person to commit health care fraud;

2.  The defendant knew of the existence and the unlawful purpose of the agreement; and

3.  The defendant willfully joined the agreement.

### FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Medicare is a "health care benefit program" as that term is defined in Title 18 United States Code, Section 24(b).

   b. Between in or about December 2017 and in or about September 2018, in the Western District of New York and elsewhere, the defendant, SIMON SANTOS-ARIAS, willfully agreed with at least one other person to become part of a scheme to obtain money or property in connection with the delivery of or payment for health care services by means of materially false or fraudulent pretenses, representations or promises. Beginning in or around January 2018, the defendant

2

commenced working with a telemedicine company, utilizing his then active medical license in the State of New York. The defendant was paid by the telemedicine company for his services. The telemedicine company agreed to provide the Syracuse telemarking company with physicians to prescribe medications to Low-Income Subsidy (LIS) Medicare recipients who were targeted by the marketing company. The Syracuse marketing company marketed medications to these clients that were reimbursed by Medicare at higher rates, but which were medically unnecessary. The defendant's role was to sign prescription forms that contained materially false and fraudulent representations, to wit, prescribing medications that were pre-selected by the marketing company and which were medically unnecessary. The defendant's involvement in the scheme was important as the pharmaceutical marketing company could not obtain the prescriptions that reimbursed at the highest rates without the defendant signing the prescription forms.

c. The signed prescriptions were then sent to pharmacies the marketing company had a relationship with. The pharmacy would then obtain reimbursement for the fraudulent prescriptions from health insurance companies that offered Medicare prescription drug plans. The insurance companies were then reimbursed by Medicare.

d. For relevant conduct purposes the total loss amount, attributed to the defendant was $3,118,936.68.

### III.   SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

#### BASE OFFENSE LEVEL

6.   The government and the defendant agree that Guidelines §§ 2X1.1(a) and 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of **6**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

   a. § 2B1.1(b)(1)(I): the total loss (including relevant conduct) was in excess of $1,500,000 (namely, $3,118,936.68) and thus there is a sixteen-level increase.

   b. the two-level increase pursuant to Guidelines § 2B1.1(b)(7)(A)(i) (offense involved Government health care program).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8. The government and the defendant agree that the following adjustment to the base offense level does apply:

   a. The two-level decrease of Guidelines § 3B1.2(b) (minor role in the offense).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **22**.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **19**.

4

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of 19 and criminal history category of II, the defendant's sentencing range would be a term of imprisonment of 33 to 41 months, a fine of $10,000 to $250,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. It is also the understanding of the government and the defendant that the United States Sentencing Commission has published a proposed amendment to Guidelines § 4A1.1 (adjusting the status points for offenders who commit the instant offense while on a criminal justice sentence), which would cause a change in the defendant's criminal history calculation, resulting in a Criminal History Calculation of I rather than II. The government agrees that a downward variance in the defendant's criminal history category from II to I as a result of the proposed amendment should be granted. The defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of the reduction in

criminal history category in the event the proposed status amendment of USSG § 4A1.1 is adopted and made retroactive by the Sentencing Commission. If this variance is granted by the Court, it is the understanding of the government and the defendant that, with a total offense level of 19 and a criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 30 to 37 months, a fine of $10,000 to $250,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that, at sentencing, the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14.   The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16.   In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

    e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

21. The defendant understands, and the parties agree, that the Court must require restitution in the amount of $3,118,936.68 to be paid to Centers for Medicare & Medicaid Services (CMS) as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

22. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

23. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

24. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate

enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

25. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

26. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

27. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

## VIII.  APPEAL RIGHTS

28.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term imprisonment of **33 to 41 months, a fine of $10,000 to $250,000, and a period of supervised release of 1 to 3 years** as outlined in Section III, ¶11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

29.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

30.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term imprisonment of **33 to 41 months, a fine of $10,000 to $250,000, and a period of supervised release of 1 to 3 years** as outlined in Section III, ¶11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

31.   This plea agreement represents the total agreement between the defendant, SIMON SANTOS-ARIAS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
FRANZ M. WRIGHT
Assistant United States Attorney
Dated: July 7, 2023

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Daniel Henry, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SIMON SANTOS-ARIAS
Defendant
Dated: July 7, 2023

_____
DANIEL HENRY, ESQ.
Attorney for the Defendant
Dated: July 7, 2023